# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
# www.flmb.uscourts.gov

In re:

DON KARL JURAVIN                                  Case No.: 6:18-bk-06821-KSJ
                                                  Adversary Case No.: 6:21-ap-000142-KSJ

    Debtor.
_____/

DENNIS D. KENNEDY, CHAPTER 7 TRUSTEE
OF THE ESTATE OF DON KARL JURAVIN,

    Plaintiffs,

v.

NATURAL VITAMINS LABORATORY CORP.,
KARAN ARORA, UNITED MEDICAL GROUP
INTERNATIONAL, INC., ANNA JURAVIN,
PSR DEVELOPERS, LLLP, a Florida limited
Liability partnership,

    Defendants.
_____/

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, PSR DEVELOPERS, LLLP ("PSR"), by and through undersigned counsel, hereby serves its Answer in response to the Complaint served by the Plaintiff, DENNIS D. KENNEDY AS CHAPTER 7 TRUSTEE OF THE ESTATE OF DON KARL JURAVIN ("the Trustee"), and state as follows:

### JURISDICTION AND VENUE

1. PSR admits the allegations of paragraph 1 for jurisdictional purposes only.

2. PSR admits the allegations of paragraph 2 for venue purposes only.

3. PSR admits the allegations of paragraph 3 for jurisdictional purposes only.

## BACKGROUND

4. – 17.     PSR is without knowledge of the allegations of paragraphs 4 through 17.

## PROCEDURAL HISTORY
### *The FTC Case.*

18. – 31.     PSR is without knowledge of the allegations of paragraphs 18 through 31 and states that said District Court pleadings speak for themselves.

### *The Juravin Bankruptcy Case*

32. – 37.     PSR is without knowledge of the allegations of paragraphs 32 through 37 and states that said Bankruptcy Court pleadings speak for themselves.

### *The MCO Bankruptcy Case.*

38. – 41.     PSR is without knowledge of the allegations of paragraphs 38 through 41 and states that said Bankruptcy Court pleadings speak for themselves.

## FACTUAL ALLEGATIONS
### The Parties

42. – 63.     With respect to paragraphs 42 through 63, PSR lacks knowledge or information sufficient to support the truth of the allegations concerning other parties to this action.

64.     PSR admits the allegations of paragraph 64.

65.     PSR admits the allegations of paragraph 65.

66.     PSR admits the allegations of paragraph 66.

67.     PSR admits the allegations of paragraph 67.

68.     PSR admits the allegations of paragraph 68.

### UMGI as Alter Ego or Mere Continuation of Debtor

69. – 82.  With respect to paragraphs 69 through 82, PSR lacks knowledge or information sufficient to support the truth of the allegations concerning the relationship between UMGI and the Debtor.

### The Transfers to NVLC and/or Karan Arora

83. – 138.  With respect to paragraphs 83 through 138, PSR lacks knowledge or information to support the truth of the factual allegations regarding the other parties' actions.

139.  PSR lacks knowledge or information to support the truth of the allegations in paragraph 139, to the extent that Defendant has no knowledge of the characterization of the funds used to pay down the Debtor's mortgage debt.

140.  PSR admits the allegations of paragraph 140.

141.  PSR denies the allegations of paragraph 141.

### COUNT I: ACTUAL FRAUD
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against NVLC and Karan Arora)

142. – 150.  With respect to paragraphs 142 through 150 of the Complaint (being Count I), no response is required from PSR as Count I pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT II: CONSTRUCTIVE FRAUD
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against NVLC and/or Karan Arora)

151. – 160.  With respect to paragraphs 151 through 160 of the Complaint (being Count II), no response is required from PSR as Count II pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT III: AVOID AND RECOVER POST PETITION TRANSFERS
### (Against NVLC and/or Karan Arora)

161. – 166.  With respect to paragraphs 161 through 166 of the Complaint (being Count III), no response is required from PSR as Count III pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT IV: TURNOVER OF PROPERTY
### (Against NVLC and/or Karan Arora)

167. – 172.  With respect to paragraphs 167 through 172 of the Complaint (being Count IV), no response is required from PSR as Count IV pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT V: AVOIDANCE OF PREFERENTIAL TRANSFERS
### (Against NVLC and Karan Arora)

173. – 185.  With respect to paragraphs 173 through 185 of the Complaint (being Count V), no response is required from PSR as Count V pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT VI: AVOID AND RECOVER POST PETITION TRANSFERS
### (Against UMGI)

186. – 192.  With respect to paragraphs 186 through 192 of the Complaint (being Count VI), no response is required from PSR as Count VI pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT VII: ACTUAL FRAUD
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against UMGI as Subsequent Transferee)

193. – 203.  With respect to paragraphs 193 through 203 of the Complaint (being Count VII), no response is required from PSR as Count VII pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT VIII: CONSTRUCTIVE FRAUD
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against UMGI as Subsequent Transferee)

204. – 214.    With respect to paragraphs 204 through 214 of the Complaint (being Count VIII), no response is required from PSR as Count VIII pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT IX: TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)
### (Against UMGI)

215. – 221.    With respect to paragraphs 215 through 221 of the Complaint (being Count IX), no response is required from PSR as Count IX pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT X: AVOID AND RECOVER POST PETITION TRANSFERS
### (Against Anna Juravin)

222. – 229.    With respect to paragraphs 222 through 229 of the Complaint (being Count X), no response is required from PSR as Count X pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT XI: TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)
### (Against Anna Juravin)

230. – 237.    With respect to paragraphs 230 through 237 of the Complaint (being Count XI), no response is required from PSR as Count XI pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

### COUNT XII: ACTUAL FRAUD
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against Anna Juravin as Subsequent Transferee)

238. – 249.    With respect to paragraphs 238 through 249 of the Complaint (being Count XII), no response is required from PSR as Count XII pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

**COUNT XIII: CONSTRUCTIVE FRAUD**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**(Against Anna Juravin as Subsequent Transferee)**

250. – 261.  With respect to paragraphs 250 through 261 of the Complaint (being Count XII), no response is required from PSR as Count XIII pleads no cause of action against PSR. To the extent any response is required, the allegations are denied.

**COUNT XIV: AVOID AND RECOVER POST PETITION TRANSFERS**
**(Against PSR Developers)**

262.  PSR hereby incorporates by reference its answers stated at paragraphs 1-141 as if fully stated herein.

263.  PSR admits to allegations of paragraph 263 but denies that the Trustee is entitled to any relief.

264.  PSR is without knowledge of the allegations of paragraph 264.

265.  PSR is without knowledge of the allegations of paragraph 265.

266.  PSR is without knowledge of the allegations of paragraph 266.

267.  PSR is without knowledge of the allegations of paragraph 267. PSR is unaware and without knowledge of where Anna Juravin obtained the funds to make payments on the mortgage debt on the Debtor's residence.

268.  PSR admits the allegations of paragraph 268.

269.  PSR denies the allegations of paragraph 269.

270.  PSR denies the allegations of paragraph 270.

271.  PSR denies the allegations of paragraph 271.

## COUNT XV: TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(A)
**(Against PSR Developers)**

272. PSR hereby incorporates by reference its answers stated at paragraphs 1-141 as if fully stated herein.

273. PSR admits the allegations of paragraph 273 but denies that the Trustee is entitled to any relief.

274. PSR is without knowledge of the allegations of paragraph 274.

275. PSR is without knowledge of the allegations of paragraph 275.

276. PSR is without knowledge of the allegations of paragraph 276.

277. PSR is without knowledge of the allegations of paragraph 277. PSR is unaware and without knowledge of where Anna Juravin obtained the funds to make payments on the mortgage debt on the Debtor's residence.

278. PSR admits the allegations of paragraph 278.

279. PSR denies the allegations of paragraph 279.

280. PSR denies the allegations of paragraph 280.

281. PSR denies the allegations of paragraph 281.

## COUNT XVI: ACTUAL FRAUD
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
**(Against PSR Developers as Subsequent Transferee)**

282. PSR hereby incorporates by reference its answers stated at paragraphs 1-141 as if fully stated herein.

283. PSR admits the allegations of paragraph 283 but denies that the Trustee is entitled to any relief.

284. PSR is without knowledge of the allegations of paragraph 284.

285. PSR is without knowledge of the allegations of paragraph 285.

286. PSR is without knowledge of the allegations of paragraph 286.

287. PSR is without knowledge of the allegations of paragraph 287. PSR is unaware and without knowledge of where Anna Juravin obtained the funds to make payments on the mortgage debt on the Debtor's residence.

288. PSR admits the allegations of paragraph 288.

289. PSR denies the allegations of paragraph 289.

290. PSR is without knowledge of the allegations of paragraph 290.

291. PSR is without knowledge of the allegations of paragraph 291.

292. PSR denies the allegations of paragraph 292.

293. PSR denies the allegations of paragraph 293.

294. PSR denies the allegations of paragraph 294.

295. PSR denies the allegations of paragraph 295.

## AFFIRMATIVE DEFENSES
Background Applicable to All Affirmative Defenses

296. PSR is a real estate developer who developed and sold the property located at 15118 Pendio Drive, Montverde, Florida, to Don and Anna Juravin on or about January 8, 2016, in an arm's length transaction.

297. In connection with that transaction, PSR made a $1,430,000.00 loan to Don and Anna Juravin evidenced by a *Promissory Note* (the "Note") and secured by a *Mortgage* recorded at Official Records Book 4727, Page 1044, Public Records of Lake County, Florida (the "Mortgage").

298. The Note and Mortgage required regular payments in the amount of $6,830.00 per month and matured by its terms on January 31, 2020.

299. The Note and Mortgage were made years prior to the entry of judgment in favor of the Federal Trade Commission against Don Juravin and others.

300. There is no affiliation or other relationship between PSR and the Juravin's (or their respective business), other than as lender and borrower under the Note and Mortgage; nor did PSR in any way participate in any improper or illegal conduct which may have been occasioned by Mr. Juravin or others.

First Affirmative Defense

301. As its first affirmative defense, PSR asserts that the payments PSR received constitute ordinary course mortgage payments on Debtor's Florida homestead property. Since Debtor's homestead property is protected by the Florida Constitution and Florida Statutes, the Trustee has no right to recover the payments from PSR in violation of the Debtor's homestead protections. The allegations of the Complaint do not defeat the Debtor's homestead rights, and thus the Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

302. As its second affirmative defense, PSR asserts that if the Trustee is entitled to recover any of Debtor's mortgage payments to PSR, the Trustee should be limited to the mortgage payments made by the Debtor himself. According to the Trustee's own pleading, the $150,000.00 that the Trustee seeks to recover in this case was a transfer made by non-debtor Anna Juravin, not the Debtor. The Trustee cannot state a claim upon which relief can be granted for avoidance of payments made by non-debtors.

Third Affirmative Defense

303. As its third affirmative defense, as to Counts XIV and XV, PSR alleges that the Trustee cannot avoid and recover the post-petition transfer made to PSR and demand turnover of

the post-petition transfer because the transfer was made in the ordinary course of business. Pursuant to 11 U.S.C. §549(a), "the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case; and … that is not authorized under this title or by the court." 11 U.S.C. § 363 further authorizes transfers in the ordinary course of business. Since Debtor's mortgage payments were made in the ordinary course of business, the Trustee is barred from recovery.

Fourth Affirmative Defense

304. As its fourth affirmative defense, to Count XVI, PSR contends that Trustee may not recover under a theory of actual fraud because PSR accepted payments made by Anna Juravin in good faith and for reasonably equivalent value. "A transfer or obligation is not voidable under section 726.105(1)(a) against a person who took in good faith and for reasonably equivalent value or against any subsequent transferee or obligee." Florida Statutes, Section 726.109(1). Likewise, "a transferee or obligee of such transfer or obligation that takes for value and good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation." 11 U.S.C. § 548(c). PSR was not a part of Debtor's fraudulent schemes, and merely accepted mortgage payments on the Debtor's homestead, thus, PSR acted in good faith. Second, by accepting payment on the Debtor's mortgage in exchange for partial satisfaction of the Debtor's remaining payments, PSR extended the reasonably equivalent value required to satisfy a good faith defense under section 726.109(1), as well the value required under § 548(c). PSR's good faith and extension of equivalent value bar the Trustee from recovering the amounts alleged in its complaint.

Fifth Affirmative Defense

305. As its fifth affirmative defense, PSR argues that at most, the Trustee is only entitled to an equitable lien on the property. When debtors use fraudulently obtained funds to purchase or invest in a homestead property, Florida courts routinely limit the remedy afforded to the imposition of an equitable lien on the property. *See In re Grocki*, 147 B.R. 274 (S.D. Fla. 1992) (imposing an equitable lien against debtor's homestead where funds used by debtor to acquire homestead could be traced to those fraudulently obtained from plaintiff creditor); *In re South Florida Title, Inc.*, 104 B.R. 489 (S.D. Fla. 1989) (imposing equitable lien in favor of bankruptcy trustee where debtors used improperly appropriated corporate funds to satisfy mortgage on homestead); *In re Gherman*, 101 B.R. 369 (S.D. Fla. 1989) (denying homestead exemption where debtor used funds stolen to acquire exempt property). Therefore, as opposed to recovering the mortgage payments made to PSR, Trustee is at most entitled to an equitable lien on Debtor's homestead.

Sixth Affirmative Defense

306. As its sixth affirmative defense, PSR asserts that Trustee's recovery against PSR, if any, should be reduced by the total amount that Trustee recovers from any prior transferees. Pursuant to 11 U.S.C § 550(d), "the trustee is entitled to only a single satisfaction under subsection (a)," which authorizes the trustee to recover property transferred by the debtor. Therefore, as the Trustee seeks recovery from prior transferees, Trustee's recovery should be limited to single satisfaction, reducing the amount recoverable from PSR accordingly.

**WHEREFORE**, Defendant, PSR DEVELOPERS, LLLP, prays this Court dismiss this action, award its costs, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted on this 3rd day of December 2021.

/s/ Michael S. Provenzale
**Michael S. Provenzale**
Florida Bar No. 0056834
**LOWNDES, DROSDICK, DOSTER,
  KANTOR & REED, P.A.**
215 North Eola Drive
P.O. Box 2809
Orlando, Florida 32802-2809
Telephone:  407-843-4600
Facsimile:  407-843-4444
michael.provenzale@lowndes-law.com
litcontrol@lowndes-law.com
anne.fisher@lowndes-law.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2021, I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 7004, *Federal Rules of Bankruptcy Procedure*, made applicable by Rule 9014, *Federal Rules of Bankruptcy Procedure*, to all parties indicated on the electronic filing receipt.

/s/ Michael S. Provenzale
Michael S. Provenzale

## SERVICE LIST

Bradley M. Saxton, Esq.
Lauren M. Reynolds, Esq.
Winderweedle, Haines, Ward & Woodman, P.A.
PO Box 880
Winter Park, FL 32790
bsaxton@whww.com
lreynolds@whww.com
*Attorneys for Dennis D. Kennedy, Trustee*

James D. Ryan, Esq.
Ryan Law Group, PLLC
636 U.S. Highway One, Suite 110
North Palm Beach, FL 33408
jdr@ryanlawgroup.net
lauren@ryanlawgroup.net
*Special Counsel to Dennis D. Kennedy, Trustee*

Active\0888035\195414\11539508v2-12/2/21