**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

DON KARL JURAVIN,                                  Case No.: 6:18-bk-06821-KSJ
                                                    Chapter 7
          Debtor,
_____/                   Case No.: 6:20-bk-01801-KSJ


DON KARL JURVAIN,                                  *Jointly Administered with*
                                                    Case No. 6:18-bk-06821-KSJ
          Applicable Debtor,
_____/

DENISE D. KENNEDY,                                 Adv Pro No.: 6:21-ap-000142-KSJ
AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF DON KARL JURVAIN
          Plaintiffs,
v.
NATURAL VITAMINS LABORATORY CORPORATION,
KARAN ARORA, UNITED MEDICAL GROUP
INTERNATIONAL,  INC., ANNA JURAVAIN,
PSR DEVELOPERS LLLP

          Defendants.
_____/

## DEFENDANTS  NATURAL VITAMINS LABORATORY CORPORATION AND KARAN ARORA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants, NATURAL VITAMINS LABORATORY CORPORATION and KARAN ARORA (together "Plaintiffs"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Plaintiff's Complaint and state:

## JURISDICTION AND VENUE

1.       Admitted for jurisdictional purposes only.

1

2.      Admitted for jurisdictional purposes only.

3.      Admitted for jurisdictional purposes only.

## BACKGROUND

### *The Debtor's Business Affairs*

4.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

5.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

6.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

7.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

8.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

9.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

10.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

11.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

12.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

13.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

14.      The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

15.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

16.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

17.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

## PROCEDURAL HISTORY

### *The FTC Case*

18.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

19.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

20.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants,

Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

21.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

22.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

23.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

24.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

25.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

26.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants,

Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

27.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

28.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

29.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

30.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

31.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

### The Juarvin Bankruptcy Case

32.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

33.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

34.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

35.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

36.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

37.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

### The MCO Bankruptcy Case

38.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

39.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

40.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

## FACTUAL ALLEGATIONS

### *The Parties*

41.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants admit the allegations to the extent the pleadings speak for themselves.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

51.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

52.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

53.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

54.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

55.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

56.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

57.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

58.     Admitted to the extent that the Florida Division of Corporations records speak for themselves.  Otherwise, denied.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     Admitted.

63.     Denied.

64.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

65.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

66.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

67.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

68.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

### *UMGI as Alter Ego or Mere Continuation of Debtor*

69.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

70.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

71.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

72.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants,

Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

73.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

74.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

75.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

76.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

77.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

78.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants,

Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

79.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

80.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

81.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

82.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

### *The Transfers to NVLC and/or Karan Arora*

83.     The allegations of this paragraph are not directed to Karan Arora and do not require a response. To the extent the allegations could be interpreted as being directed to Arora, they are denied as phrased. With regards to NVLC, the allegations are denied as phrased.

84.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied as phrased.  With regards to NVLC, the allegations are denied as phrased.

85.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are admitted.  With regards to NVLC, the allegations are admitted.

86.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are admitted to the extent that Debtor ordered supplements; otherwise, denied.

87.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are admitted to the extent that NVLC provided the manufacture and supply of supplements to Debtor; remainder denied as phrased.

88.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied as phrased.

89.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied as phrased.

90.     Denied.

91.     Denied.

92.     Admitted.

93.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied as phrased.

94.     Without knowledge; therefore, denied.

95.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

96.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

97.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

98.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are deniedThe allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

99.     The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

100.    The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

101.    Denied.

102.    Denied.

### *The UMGI Transfers*

103.    The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

104.    The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied, including sub-parts (a) – (d).

105.    Denied.

106.    Denied.

107.    Denied as phrased.

108.    Denied.

109.    Denied.

110.    Denied.

111.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without sufficient knowledge to admit or deny the allegations. Thus, the allegations are denied.

### *The Bogus Invoices*

112.    Denied.

113.    Admitted.

114.    Admitted.

115.    Denied as phrased.

116.    Denied as phrased.

117.    Denied.

### *The Bogus Proofs of Claims*

118.    Admitted.

119.    Admitted.

120.    Admitted to the extent the pleadings speak for themselves; denied in all other aspects.

121.    Admitted to the extent the pleadings speak for themselves; denied as to the phrasing "Bogus Proofs of Claims")

122.    Admitted to the extent the pleadings speak for themselves; denied in all other aspects.

123.    Admitted to the extent the pleadings speak for themselves; denied in all other aspects.

124.    Denied.

125.    Denied.

126.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, the allegations are denied.

127.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, the allegations are denied.

128.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, the allegations are denied.

129.    Denied.

130.    Admitted.

131.    Admitted.

132.    Admitted.

### *Debtor's Retention of Counsel on Behalf of NVLC and Karan Arora*

133.    Defendants object to the extent the allegations seek to invade attorney-client privileged communications. Without waiver, the allegations are denied.

134.    Defendants object to the extent the allegations seek to invade attorney-client privileged communications. Without waiver, the allegations are denied.

135.    Defendants object to the extent the allegations seek to invade attorney-client privileged communications. Without waiver, the allegations are denied.

### *The Anna Juravin Subsequent Transfer from UMGI to Anna Juravin*

136.    The allegations of this paragraph are not directed to Karan Arora and do not require a response.  To the extent the allegations could be interpreted as being directed to Arora, they are denied.  With regards to NVLC, the allegations are denied.

137.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants,

Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

138.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

139.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

140.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

141.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

## <u>COUNT I: ACTUAL FRAUD</u>

142.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

143.    Admitted for jurisdictional purposes only.

144.    Denied.

145.    Denied.

146.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

147.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

148.     Denied.

149.     Denied.

150.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

## **COUNT II: CONSTRUCTIVE FRAUD**

151.     Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

152.     Admitted for jurisdictional purposes only.

153.     Denied.

154.     Denied.

155.     The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations.  Therefore, the allegations are denied.

156.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations. Therefore, the allegations are denied.

157.    The allegations are not directed to these Defendants and do not require a response. To the extent the allegations could be interpreted as being directed towards these Defendants, Defendants are without knowledge to admit or deny the allegations. Therefore, the allegations are denied.

158.    Denied.

159.    Denied.

160.    Denied.

### COUNT III: AVOID AND RECOVER POST PETITION TRANSFERS

161.    Defendants re-allege and re-incorporate their prior responses as if fully set forth herein.

162.    Admitted for jurisdictional purposes only.

163.    Denied.

164.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required. Without waiver of the objections, Defendants deny the allegations.

165.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required. Without waiver of the objections, Defendants deny the allegations.

166.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

## COUNT IV: TURNOVER OF PROPERTY

167.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

168.    Admitted for jurisdictional purposes only.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

## COUNT V: AVOIDANCE OF PREFERENTIAL TRANSFER

173.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

174.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

175.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

183.    Denied.

184.    Denied.

185.    Denied.

### COUNT VI: AVOID AND RECOVER POST PETITION TRANSFER

186.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

187.    Admitted for jurisdictional purposes only.

188.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

189.    Denied.

190.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

191.    Denied.

192.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

## COUNT VII: ACTUAL FRAUD

193.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

194.    Admitted for jurisdictional purposes only.

195.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

196.    Denied.

197.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

198.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

199.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

200.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

201.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

202.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

203.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

## COUNT VIII: CONSTRUCTIVE FRAUD

204.     Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

205.     Admitted for jurisdictional purposes only.

206.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

207.     Denied.

208.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

209.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

210.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

211.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

212.     Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

213.     Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

214.     Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

## COUNT IX: TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

215.     Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

216.     Admitted for jurisdictional purposes only.

217.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

218.     Denied.

219.     Denied.

220.     Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

221.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

## COUNT X: AVOID AND RECOVER POST PETITION TRANSFERS

222.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

223.    Admitted for jurisdictional purposes only.

224.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

225.    Denied.

226.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

227.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

228.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

229.    Defendants object to the allegations on the basis that they call for a legal conclusion for which no response is required.  Without waiver of the objections, Defendants deny the allegations.

## **COUNT XI: TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)**

230.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

231.    Admitted for jurisdictional purposes only.

232.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

233.    Denied.

234.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

235.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

236.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

237.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

## **COUNT XII: ACTUAL FRAUD**

238.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

239.    Admitted for jurisdictional purposes only.

240.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

241.     Denied.

242.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

243.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

244.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

245.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

246.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

247.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

248.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

249.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

## COUNT XII: CONSTRUCTIVE FRAUD

250.    Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

251.    Admitted for jurisdictional purposes only.

252.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

253.    Denied.

254.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

255.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

256.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

257.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

258.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

259.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

260.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

261.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

### COUNT XIV: AVOID AND RECOVER POST PETITION TRANSFERS

262.     Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

263.     Admitted for jurisdictional purposes only.

264.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

265.     Denied.

266.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

267.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

268.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

269.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

270.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

271.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

**COUNT XV: TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)**

272.     Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

273.     Admitted for jurisdictional purposes only.

32

274.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

275.    Denied.

276.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

277.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

278.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

279.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

280.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

281.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

## COUNT XVI: ACTUAL FRAUD

282.     Defendants re-incorporate and re-allege their prior responses as if fully set forth herein.

283.     Admitted for jurisdictional purposes only.

284.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

285.     Denied.

286.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

287.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

288.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

289.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

290.     The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

291.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

292.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

293.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

294.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

295.    The allegations are not directed to these Defendants and do not require a response. To the extent that the allegations could be interpreted as being directed towards or construed against these Defendants, the allegations are denied.

## **GENERAL DENIAL**

Any individual paragraph that was not specifically admitted above is hereby denied.

## **AFFIRMATIVE DEFENSES**

Without regard to which party bears the burden of proof and without waiving its right to require Plaintiff to prove each and every element of each claim asserted in the Complaint, Defendants assert the following affirmative defenses to the claims set forth in Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE:
### No actual intent of the Debtor or Defendants to hinder, delay or defraud a creditor

For their first affirmative defense, Defendants assert that all transfers referenced in Plaintiff's Complaint were made without the actual intent of Debtor or Defendants to hinder, delay, or defraud the Debtor's present and future creditors, such that there can be no finding of a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) or § 726.105(1)(a), *Florida Statutes*.

## SECOND AFFIRMATIVE DEFENSE
### Transfer made with a legitimate supervening purpose

For their second affirmative defense, Defendants assert that all transfers referenced in Plaintiff's Complaint were made with a legitimate supervening purpose, such that even if Plaintiff were to establish the Debtor's actual intent to hinder, delay, or defraud the Debtor's present and/or future creditors, there can be no finding of a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) or § 726.105(1)(a), *Florida Statutes*.

## THIRD AFFIRMATIVE DEFENSE:
### Defendants received the Transfer for value and in good faith

For their third affirmative defense, Defendants assert that they took the transfers referenced in Plaintiff's Complaint for value and in good faith, such that pursuant to 11 U.S.C. §§ 548(c) and 548(d)(2)(A), and Fla. Stat. § 726.105(1)(b) there can be no finding of a fraudulent transfer under 11 U.S.C. § 548(a)(1)(A), 11 U.S.C.  548(a)(1)(B) and Fla. Stat. § 726.105.

## FOURTH AFFIRMATIVE DEFENSE:
### The Debtor received reasonably equivalent value for the Transfer

For their fourth affirmative defense, Defendants assert with respect to the transfers referenced in Plaintiff's Complaint that the Debtor received reasonably equivalent value in exchange for the transfer, such that there can be no finding of a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B) or Fla. Stat. § 726.105(1)(b).

### FIFTH AFFIRMATIVE DEFENSE:
**Debtor not insolvent at time of Transfer**

For their fifth affirmative defense, Defendants assert with respect to the transfers referenced in Plaintiff's Complaint that the Debtor was not insolvent on the date of such transfer, or became insolvent as a result of the transfer, such that there can be no finding of a fraudulent transfer on that basis under 11 U.S.C. § 548(a)(1)(A) or (B), 11 U.S.C. § 548(a)(1)(B), or Fla. Stat. § 726.105(1)(a) or (b).

### SIXTH AFFIRMATIVE DEFENSE:
**Property of Debtor remaining after Transfer not unreasonably small**

For their sixth affirmative defense, Defendants assert with respect to the transfers referenced in Plaintiff's Complaint that the Debtor did not enter into a business transaction for which the remaining property of the Debtor constituted an unreasonably small amount of capital or substantially all of the debtor's assets, such that there can be no finding of a fraudulent transfer on that basis under 11 U.S.C. § 548(a)(1)(B) or Fla. Stat. Fla. Stat. § 726.105(1)(a) or (b).

### SEVENTH AFFIRMATIVE DEFENSE:
**Transfer not made with intent to incur debts beyond Debtor's ability to pay**

For their seventh affirmative defense, Defendants assert with respect to the transfers referenced in Plaintiff's Complaint that the Debtor did not intend to incur, nor believe that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured, such that there can be no be no finding of a fraudulent transfer on that basis under 11 U.S.C. § 548(a)(1)(B) or Fla. Stat. § 726.105(1)(b).

### <u>EIGHTH AFFIRMATIVE DEFENSE:</u>
**Defendants not an Insider of Debtor**

For their eighth affirmative defense, Defendants assert with respect to the transfers referenced in Plaintiff's Complaint that they were not insiders as defined under 11 U.S.C. §

101(31), Fla. Stat. § 726.102(8) or under any common law grounds, such that there can be no finding of a fraudulent transfer on such bases under 11 U.S.C. § 548(a)(1)(A), 11 U.S.C. § 548(a)(1)(B) or the Florida Statutes.

### NINTH AFFIRMATIVE DEFENSE
**Transfer(s) Not Avoidable Pursuant to 11 U.S.C. § 547(c)(1)**

For their ninth affirmative defenses, Defendants assert that the Plaintiff may not avoid the transfer(s) to NVLC and/or Arora as alleged in Count V of the Complaint because, in accordance with 11 U.S.C. § 547(c)(1), the transfer was intended by the Debtor and Defendants to be a contemporaneous exchange for new value given by NVLC and/or Arora to Debtor in the form of products ordered from NVLC, and was in fact a substantially contemporaneous exchange. Further, Defendants are not insiders for purposes of 11 U.S.C. § 547.

### TENTH AFFIRMATIVE DEFENSE
**Transfer(s) Not Avoidable Pursuant to 11 U.S.C. § 547(c)(2)**

For their tenth affirmative defense, Defendants assert that the Plaintiff may not avoid the transfer(s) to NVLC and/or Arora as alleged in Count V of the Complaint because, in accordance with 11 U.S.C. § 547(c)(2), the transfer was in payment of a debt incurred by the Debtor in the ordinary course of its business of purchasing products from NVLC, and was either (i) made in the ordinary course of the business and financial affairs of the Debtor, or (ii) made according to ordinary business terms.  Further, Defendants are not insiders for purposes of 11 U.S.C. § 547.

### ELEVENTH AFFIRMATIVE DEFENSE
**Transfer(s) Not Avoidable Pursuant to 11 U.S.C. § 547(c)(4)**

For their eleventh affirmative defense, Defendants assert that the Plaintiff may not avoid the transfer(s) to NVLC and/or Arora as alleged in Count V of the Complaint because, in accordance with 11 U.S.C. § 547(c)(4), after the transfer NVLC gave new value to or for the benefit of the Debtor in the form of products purchased by the Debtor, which were not secured by

an otherwise avoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendants.  Further, Defendants are not insiders for purposes of 11 U.S.C. § 547.

## TWELFTH AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action against Arora – Counts I-V

For their twelfth affirmative defense, Defendants assert that Plaintiff has failed to adequately state a cause of action against Arora in his individual capacity for 1) actual fraud; 2) constructive fraud; 3) recovery of alleged post-petition transfers; 4) turnover of property; and 5) avoidance of preferential transfer as all of the alleged transfers that are the subject of this lawsuit are alleged to have been made to NVLC and not Arora.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Statute of Repose/Failure to State a Cause of Action – Count  I

For their thirteenth affirmative defense, Defendants assert that Plaintiff fails to state a cause of action for its claims brought under § 726.105(1)(a) and § 726.108, *Florida Statutes,* in Count I of the Complaint because Plaintiff's claims have been extinguished by the statute of repose.

## FOURTEENTH AFFIRMATIVE DEFENSE:
### Failure to State a Cause of Action/Statue of Repose  – Count II

For their fourteenth affirmative defense, Defendants assert that Plaintiff fails to state a cause of action for its claims brought under § 726.105(1)(b), § 726.106(1) and § 726.108, *Florida Statutes*, in Count II of the Complaint because Plaintiff's claims have been extinguished by the statute of response.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action – Statute of Limitation – Counts I and II

For their fifteenth affirmative defense, Defendants assert that Plaintiff fails to state a cause of action for its claims brought under 11 U.S.C. §§ 544(b), 548(a)(1)(B) and 550 in Counts I and II of the Complaint because Plaintiff's claims have been extinguished by the statute of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action – Count III

For their sixteenth affirmative defense, Defendants assert that Plaintiff fails to state a cause of action under 11 U.S.C. §§ 549 and 550 because the deposits were not property of the estate, and therefore, not a transfer of the estate's assets.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action – Count IV

For their seventeenth affirmative defense, Defendants assert that Plaintiff fails to state a cause of action under 11 U.S.C. §§ 542(a)  because the money allegedly transferred was not property of the estate, and therefore, not a transfer of the estate's assets.

### EIGHTEENTH AFFIRMATVE DEFENSE

### Set off

For their eighteenth affirmative defense, Defendants assert that they are entitled to a set off for all proceeds recovered from, including, but not limited to, Debtor, Anna Juravain, and UMGI.

WHEREFORE, Defendants respectfully request that this Court enter a judgment in favor of Defendants and such other relief as is just and proper.

Dated this 3rd day of December 2021

Respectfully submitted,

_Paul N. Mascia_
Paul N. Mascia, Esquire
Florida Bar No. 0489670
Victoria S Luna, Esquire
Florida Bar. No. 37839
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Ste. 300
Orlando, Florida 32801
Phone: (407) 966-2680
E-mail: pmascia@nardellalaw.com
vluna@nardellalaw.com
Secondary email: service@nardellalaw.com

**ATTORNEYS FOR DEFENDANTS**